IRA WORCESTER *vs.* ESSEX MERRIMAC BRIDGE CORPORATION.

A by-law made by a bridge corporation, under the Rev. Sts. *c.* 25, § 47, imposing a penalty for riding or driving a horse over their bridge at a rate faster than a walk, is not binding on any person who has not actual notice of it, unless posted at each end of the bridge as required by that section.

ACTION OF TORT to recover damages for injuries sustained by the plaintiff's minor son, while travelling over the defendants bridge in the night time, by reason of their failure to keep the bridge properly lighted.

At the trial in the court of common pleas, before *Perkins*, J., the plaintiff gave in evidence the defendants' act of incorporation, and the acts in addition thereto.

It appeared that the defendants' bridge extended from the Newburyport to the Salisbury side of the Merrimac River, and was divided into two portions; one portion a suspension bridge. extending from the Newburyport bank to an island in the river called Deer Island; and the other portion extending from the island to the Salisbury bank, in part covered, then a draw, and the residue uncovered and supported by trusses, elevated above the level of the bridge on the two sides and in the centre. The plaintiff's evidence tended to show, that the plaintiff's son, who lived in Ipswich and had never crossed the bridge before, was driving across the bridge on a very dark night, and after he had passed the suspension bridge, the covered part and the draw, thinking he had got over the bridge, started his horse into a trot, and the step or wheel of the chaise struck one of the trusses and occasioned the accident.

The defendants offered in evidence one of their by-laws, im

posing a penalty of two dollars on any person who should ride
or drive a horse over their bridge at a rate faster than a walk;
and proved that at the time of the accident, and for many years
before, a notice was posted up, painted according to law,[*] on
the two ends of the suspension portion of the bridge, and on no
other part of it, in these words: "All persons are by law forbid-
den to drive faster than a walk across this bridge." There was
no evidence that the plaintiff or his son had any other notice of
the by-law, than could legally be inferred from the circumstances
above stated.

The plaintiff objected to the defendants' proving the above
by-law and notice, "because the fact that trotting was prohib-
ited by the by-law in question would constitute no defence,
unless it should appear that the accident was referable directly
and solely to the act of trotting, and occurred on that part of
the bridge where the signs were posted which contained the
printed notice."

But the court admitted the evidence, and instructed the jury,
"that it must appear that the accident was caused by the fault
or neglect of the defendants, and that the plaintiff was free from
any just imputation of fault or neglect; that if the act of the
plaintiff, in doing which the accident occurred, was an unlawful
act, and in violation of the by-laws of the defendants, this
would constitute that kind of fault on the part of the plaintiff
which would defeat his recovery in this suit; that there was
sufficient evidence for the jury of a notice to bind the plaintiff
by the by-law in question; and that it was as much a violation
of this by-law to cross the part of the bridge on which the acci-

---

[*] By the Rev. Sts. *c.* 25, § 47, "the proprietors of any incorporated bridge
may make such by-laws as they may deem necessary, to prevent any person
from riding or driving horses over such bridge at a rate faster than a walk; and
annex penalties to said by-laws, not exceeding two dollars for each offence, to
be recovered to the use of the corporation; provided, however, that no person
shall be liable to such penalty, unless the proprietors of such bridge shall cause
to be posted up and kept at each end of the bridge, in some conspicuous place,
a board, painted with a white ground, containing, in black letters, the substance
of said by-laws."

dent occurred, at a rate faster than a walk, as any other part of the bridge." But the court was not called upon to give any construction to the language of the by-law, as to its prohibitory effect. The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*S. H. Phillips*, for the plaintiff.

*E. F. Stone*, ( *O. P. Lord* with him,) for the defendants. The by-law was a valid one, being expressly authorized by statute Rev. Sts. *c.* 25, § 47. Having been made by a corporation having a local jurisdiction, it had operation within the limits of that jurisdiction, and is therefore binding upon the plaintiff and his son, without actual notice. *Vandine, petitioner,* 6 Pick. 187. *Chilton* v. *London & Croydon Railway,* 16 M. & W. 212. Angell & Ames on Corp. § 366. The proviso in the statute, in regard to posting notices, has no effect upon the validity of the by-law, being expressly limited to the enforcing of the penalty ; it is therefore entirely immaterial whether the signs were properly posted or not.

Bigelow, J. The plaintiff was not liable to any penalty for violating the by-law established by the defendants, because they had neglected to give notice of it in the manner prescribed by Rev. Sts. *c.* 25, § 47. Nor was there any proof of actual notice to the plaintiff or his son of the existence of such by-law. He was not therefore bound by it. Angell & Ames on Corp. § 359. It follows that proof that his son passed over a part of the bridge on a trot, contrary to the provisions of the by-law, did not of itself show that he was guilty of any negligence or wrong, which should affect the plaintiff's rights to recover in this action. It is not a case where a party seeking a remedy against the corporation in damages, was, at the time of the accident, violating a law of which he was bound to take notice. *Bosworth* v. *Swansey,* 10 Met. 363. Such would have been the case if the plaintiff had violated a public statute or a by-law of which he had actual or constructive notice. *Exceptions sustained.*